IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **NICOLAS LAZO VILLEGAS, INDIVIDUALLY, AND AIDE ELIGIO, INDIVIDUALLY** *Plaintiffs,* | § § § § § | |
| VS. | § § | CIVIL CASE NO. _____ |
| **STEEL DYNAMICS, INC.** *Defendant.* | § § § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Nicolas Lazo Villegas, Individually and Aide Eligio, Individually, Plaintiffs herein, complaining of STEEL DYNAMICS, INC. (hereinafter referred to as Defendant) and for cause of action would respectfully show the Court the following:

### I.   JURISDICTION AND VENUE

1. Jurisdiction and venue are proper in the United States District Court, Southern District of Texas, Corpus Christi Division. This Court has jurisdiction over this suit under 28 U.S.C. §1332(a)(1) because Plaintiffs and Defendant are citizens of different states and the amount of controversy exceeds $75,000, excluding interest and costs. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred at the Steel Dynamics, Inc. Steel Plant Complex, located in Sinton, Texas.

### II.   THE PARTIES

**A.   PLAINTIFFS**

2. Plaintiff, Nicolas Lazo Villegas, is a citizen of the United States and a resident of Corpus Christi, Nueces County, Texas and brings suit herein in his individual capacity.

3. Plainitff, Aide Eligio is a citizen of the United States and a resident of Corpus Christi, Nueces County, Texas, and brings suit herein in her individual capacity.

**B. DEFENDANT**

4. Defendant, STEEL DYNAMICS, INC. is a foreign corporation, incorporated in the State of Indiana, doing business, engaging in business and transacting business in the state of Texas, and can be served through the Texas Secretary of State at Steel Dynamics, Inc., 7575 West Jefferson Boulevard, Fort Wayne, Indiana 46804.

### III.   FACTS

5. On or about November 15, 2021, Nicolas Lazo Villegas was working at the Defendant's Steel Plant Complex in Sinton, Texas when the Genie basket lift that Mr. Lazo was working in was struck by a crane, operated by the Defendant's employee. The crane being operated at the time was owned by Steel Dynamics, Inc.  The Defendant and its employees and/or agents were operating and controlling the crane when it knocked the Genie basket lift that Nicolas Lazo Villegas was in causing it to fall two or three stories down.  As a result of this event and the negligence of Defendant, Nicolas Lazo Villegas suffered catastrophic injuries and the damages to the Plaintiffs.

### IV.   STEEL DYNAMICS, INC.

6. At the time of the incident in question, STEEL DYNAMICS, INC. was the owner and operator of the crane and was conducting the crane operations by and through its employee or agent.  STEEL DYNAMICS, INC. not only utilized their tools and equipment but they directed the details of the crane operations.  As the owner of the equipment and as the company conducting the crane operations, Defendant is liable

under a thoery of respondeat surperior for the conduct of its employees or agents in the operation of the crane that led to the incident in question.

A. **NEGLIGENCE**

7. As a result of the above-mentioned conduct and because of the items mentioned below, Defendant, STEEL DYNAMICS, INC., by and through its employees and representatives committed acts of omission and commission, which constituted negligence, which were a proximate cause of the injuries, damages, physical pain, suffering and mental anguish of Nicolas Lazo Villegas and his wife, Aide Eligio. This negligence includes, but is not limited to the following:

- Failing to ensure that the crane operation was conducted in a safe and prudent manner;
- Failing to provide a safe work place;
- Failing to properly supervise the work being done by the crane operator at the time of the incident;
- Failing to ensure that the equipment being used in the crane operation was working was well maintained, in good working order, not defective and used properly;
- Allowing hazardous conditions to exist at the time of the incident;
- Failing to ensure that all workers were properly trained;
- Failing to warn of a dangerous condition;
- Failing to properly train its employees to supervise the crane operations;
- Failure to develop safety policies and procedures to be implemented in its work place for the work to be performed safely;
- Failing to properly supervise the work being performed; and
- Failing to exercise appropriate stop work authority.

### B.  DEFENDANT FAILED TO TRAIN ITS EMPLOYEES

8.  Defendant was responsible for directing, supervising and controlling the tools and equipment and all associated operations using the Defendant's tools and equipment during the work process. Had the Defendant provided proper training to its employees, the Defendant would have had personnel at the site to properly direct, supervise, and control the crane operations on the day in question.

### C.  RESPONDEAT SUPERIOR

9.  Defendant is responsible for the conduct of its employee operating the crane under the doctrine of agency and/or respondeat superior because at the time of the subject incident its employee was in the course and scope of his employment with the Defendant.

## V.  DAMAGES

10.  Plaintiffs incorporate by this reference each and all of the allegations contained in Paragraph 1 through 9 of this complaint as though fully set forth herein.

11.  Nearly all of the elements of damages for personal injury are unliquidated and, therefore, not subject to precise computation. Plaintiffs seek to recover damages in amounts that the jury finds the evidence supports and that the jury finds to be appropriate under all of the circumstances, which said amount is in excess of Fifteen Million Dollars.

### A.  PERSONAL INJURY DAMAGES FOR NICOLAS LAZO VILLEGAS

12.  As a result of the incident in question, NICOLAS LAZO VILLEGAS suffered severe and disabling injuries. He sustained past reasonable and necessary medical expenses for the care and treatment of his injuries, a loss of past and future

earning capacity, past and future physical impairment, past and future physical pain, past and future mental anguish, past and future disfigurement, and a diminution of enjoyment of life, all to his damage in an amount which has not been ascertained, but which is in excess of the minimum $75,000.00 jurisdictional limits of the federal courts.

**B.  DAMAGES OF AIDE ELIGIO**

13.  Plaintiff, Aide Eligio, has suffered the loss of the positive benefits flowing from the love, affection, protection, emotional support, services, companionship, and consortium, due to the serious, and disabling injuries of her husband, Nicolas Lazo Villegas.

## VI.  PRE-JUDGMENT AND POST-JUDGMENT INTEREST

14.  Plaintiffs seek pre-judgment and post-judgment interest as allowed by law.

## VII.  JURY DEMAND

15.  Plaintiffs request a trial by jury for all issues of fact.  A jury fee has been paid timely and properly.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the Defendant be cited to appear and answer herein, that this cause be set down for trial before a jury, and that Plaintiffs recover judgment of and from the Defendant for their actual damages in such amount as the evidence may show and the jury may determine to be proper, together with the prejudgment interest, post-judgment interest, costs of suit, and such other and further relief to which they may show themselves to be justly entitled.

Respectfully submitted,

**WIGINGTON RUMLEY DUNN & BLAIR, L.L.P.**
123 North Carrizo Street
Corpus Christi, TX  78401
Telephone:	(361) 885-7500
Facsimile:	(361) 885-0487

By:	*/s/   Jerry Guerra*
Jerry Guerra
jguerra@wigrum.com
Fed. ID. 18166
State Bar No. 00789326
David L. Rumley
drumley@wigrum.com
Fed. ID. 18120
State Bar No. 00791581

**ATTORNEYS FOR PLAINTIFFS**